UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN TOTIN,

                      Plaintiff,

          —against—

HF REALTY SERVICES INC d/b/a BEST
APARTMENTS NORTH, INC, HOWARD
FEINGOLD and OMAR SCOTT,

                Defendants.

Civil Action No. _____

**COMPLAINT**

**JURY DEMANDED**

The Complaint of the Plaintiff, BRIAN TOTIN, respectfully shows and alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for copyright infringement arising out of the Defendants' unauthorized use of three photographs authored and owned by the Plaintiff. Plaintiff is an award-winning photojournalist whose photographic work was published in a multitude of national publications including Sports Illustrated, ESPN the Magazine, Newsweek and The New York Times. Plaintiff subsequently became a real estate agent in New York City and parlayed his photographic expertise to make photographs of real estate for advertising purposes that result in a higher than average response rate of consumers to his advertising.

2.    Defendants willfully and with malicious intent used photographs made by the Plaintiff without any form of authorization of the Plaintiff. Defendants used these images for advertising purposes in order to draw consumers to the properties Defendants was marketing and enjoyed

brokerage commissions Defendants may have not been able to obtain without the unauthorized use of the Plaintiff's photographs.

3.      Plaintiff is a licensed real estate salesperson, affiliated with a non-party licensed real estate broker. As set forth below, Defendant are a licensed real estate broker, its principal/corporate broker, and a licensed real estate salesperson. These licenses are issued pursuant to Article 12-A of the New York Real Property Law. The State of New York has issued Regulations Affecting Brokers and Salespersons under part 175 of Title 19 NYCRR.

4.      Defendants used Plaintiff's photographs to mislead and defraud the public through false and deceptive advertising. The photographs Defendants infringed upon were of an apartment at 520 West 174th Street. Upon information and belief, the Defendants did not have the right to advertise any apartment at 520 West 174th Street as the exclusive right to advertise the apartments at 520 West 174th Street was granted by the owner to three non-party real estate brokerage firms. The apartment Defendants advertised had not been available for rental for six weeks.

5.      It is well known that real estate agents are viewed with distrust by the public. In a 2015 Gallop poll located at *http://news.gallup.com/poll/187874/americans-faith-honesty-ethics-police-rebounds.aspx*,  real estate agents ranked 9th worst out of 21 professions (lawyers ranked 10th). As anyone who has tried to rent an apartment in In New York City can attest, all too many of the real estate agents advertising apartments for rent engage in various forms of misrepresentation and fraud. Here, the Defendants did exactly that; Defendants advertised property they were not permitted to advertise, with photographs that they were not permitted to use, of an apartment that was not available for rent. Defendants then presumably tried to "bait and switch" members of the

2

public to other apartments[1]. Defendants did not care if they harmed the public through their false and misleading advertising. The willful, dishonest, and untrustworthy behavior of Defendants outlined in this paragraph goes right to the crux of statutory damages as it establishes the Defendants' state of mind, conduct and attitude when infringing on Plaintiff's copyrights.

## JURISDICTION AND VENUE

6.      This is a civil action seeking damages and declaratory and injunctive relief for copyright infringement, arising under 17 U.S.C. §§ 101, et seq. This Court has original subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a), as this action asserts copyright claims arising under the laws of the United States.

7.      This Court has personal jurisdiction over Defendants because all Defendants are licensed to do business in this state and because Defendants conduct continuous, systematic, and routine business within this state and this District. Defendants also have committed the acts alleged herein in this District. Defendants infringed upon Plaintiff's copyrights in this District by distributing infringing copies of the Plaintiff's copyrighted works to persons in this District. Defendants further presented copies of the Plaintiff's copyrighted works on Internet websites that attract citizens from this District as viewers. The advertisements that contained the infringed-upon photographs marketed property located within this District.

---

[1] Indeed, the Better Business Bureau has a warning about Best Apartments Inc, a precursor company to Best Apartments North Inc.,, about this sort of behavior, "Several consumers say they arrange to meet an agent to view apartments that they have seen online but at the time of the meeting, they are told the requested apartments are no longer available." *https://www.bbb.org/us/ny/new-york/profile/real-estate/best-apartments-inc-0121-109370/details#Pattern-of-Complaint*

8.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b),(c),(d), and 1400(a) because Plaintiff's claims arose in this district, because Defendants may be found in this District and because Defendants do business in this District. Defendants infringed upon Plaintiff's copyrights in this District by distributing infringing copies of the Plaintiff's copyrighted works to persons in this District. Defendants further presented copies of the Plaintiff's copyrighted works on Internet websites that attract citizens from this District as viewers. The advertisements that contained the infringed-upon photographs marketed property located within this District. Defendant further committed the acts complained of within this district.

## **THE PARTIES**

9.     The Plaintiff herein is a citizen of the State of New York, County of New York.

10.     Defendant HF REALTY SERVICES INC is a domestic business corporation organized under the laws of the State of New York. HF REALTY SERVICES INC continues to conduct business in this State and in this District under its former name, BEST APARTMENTS NORTH, INC. BEST APARTMENTS NORTH, INC is a Licensed Real Estate Broker in the State of New York holding license number 10991219678. HF REALTY SERVICES INC d/b/a BEST APARTMENTS NORTH, INC, is referred to as "Best" herein.

11.     Defendant HOWARD FEINGOLD ("Feingold") is the corporate broker of Best, and, upon information and belief, the sole owner of Best.

12.     Defendant OMAR SCOTT ("Scott") is a licensed real estate salesperson who was, at all times relevant, associated with Defendant Best**.**

## ALLEGATIONS COMMON TO ALL CLAIMS

**I.      Plaintiff's Copyrighted Works**

13.     Plaintiff has duly registered copyrights in and to 497 published photographs under the title "Published works of Brian Totin, 2016, Vol 1" with the United States Copyright Office and have complied with all applicable statutory registration and renewal requirements. The United States Copyright Office has issued a Certificate of Registration for "Published works of Brian Totin, 2016, Vol 1" under registration number VA 2-096-795 with an effective date of registration of March 6, 2018. A true and correct copy of registration number VA 2-096-795 is annexed as exhibit A.

14.     Contained within the group-registered work "Published works of Brian Totin, 2016, Vol 1", registration number VA 2-096-795, are three photographs separately titled "520w174a3dlr2.jpg", "520w174a3dbr.jpg", and "520w174a3dlav.jpg".

15.     True and correct copies of "520w174a3dlr2.jpg", "520w174a3dbr.jpg", and "520w174a3dlav.jpg" as they appear within registration number VA 2-096-795 are annexed as exhibit B.

16.     The three photographs separately titled "520w174a3dlr2.jpg", "520w174a3dbr.jpg", and "520w174a3dlav.jpg" are collectively referred to as the Totin Copyrighted Works herein.

17.     The Totin Copyrighted Works are individual original works of authorship and constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101, et seq.

18.     Plaintiff owns the exclusive right to reproduce the Totin Copyrighted Works, distribute copies of the Totin Copyrighted Works to the public and display the Totin Copyrighted Works publicly. Plaintiff is entitled to all of the protections and remedies for the Totin Copyrighted Works accorded to a copyright owner.

## II.     Defendant's Infringement of the Totin Copyrighted Works

19.     On or about April 17, 2018, Plaintiff discovered that Defendant Best and their Licensed Real Estate Salesperson Scott, using the alias Sam Scott[2], acting on Defendant Best's behalf, published or caused to be published the three photographs contained in the Totin Copyrighted Works to the website *www.nakedapartments.com* (the "nakedapartments.com infringement").

20.     True and correct copies of the nakedsapartments.com infringement are annexed to this Complaint as Exhibit C.

21.     When initially applying for, or renewing, their license, real estate brokers and salespersons must agree under penalty of perjury to the statement, "I further affirm that I have read and understand the provisions of Article 12-A of the Real Property Law and the rules and regulations promulgated thereunder," including part 175 of Title 19 NYCRR.

22.     Under 19 NYCRR §175.25 (b) (1), "Only a real estate broker is permitted to place or cause to be published advertisements related to the sale or lease of property."

---

[2] Clicking through the "License" detail of the web page reveals Mr. Scott's actual name and license number 10401210451, which match Department of State Records.

23.     Upon information and belief, and at all times relevant, Defendant Best maintained a policy that permitted its affiliated sales associates, including Defendant Scott, to publish apartment rental advertisements on Best's behalf without prior review by Best.

24.     By operation of law, 19 NYCRR §175.25(b)(1) makes Defendant Best the *de facto* publisher of all apartment rental advertisements placed or caused to be published by its affiliated associate real estate brokers and real estate salespersons, including the nakedapartments.com infringement.

25.     In infringing upon the Totin Copyrighted Works, Defendants left an identifying watermark.

26.     The identifying watermark, the logo of Plaintiff's then affiliated non-party licensed real estate broker, put Defendants on notice that they did not have the right to publish or otherwise use the Totin Copyrighted Works and further gave Defendants notice that a competitor had a license to publish or otherwise use the Totin Copyrighted Works. The identifying watermark gave Defendants actual knowledge that they did not have the right to publish or otherwise use the Totin Copyrighted Works, but Defendants did so anyway, in reckless disregard for the copyrights of the Plaintiff.

27.     19 NYCRR § 175(b)(2)(a) prohibits real estate brokers and salespersons from advertising property "unless the real estate broker has obtained authorization for such advertisement from the owner of the property." Defendant Best, a licensed real estate broker and Defendant Scott, a licensed real estate salesperson whose license was associated with Best, did not have authorization from the owner of the property to place or publish the advertisements that constituted the nakedapartments.com infringement.

28.     19 NYCRR § 175(b)(2)(b), prohibits real estate brokers and salespersons from advertising "property that is subject to an exclusive listing held by another real estate without the permission of the listing broker." When committing the nakedapartments.com infringement, Defendants Best and Scott advertised property that was subject to an exclusive listing held by the Plaintiff and his then affiliated real estate brokerage. Best and Scott did not have authorization from the Plaintiff or his affiliated real estate brokerage to place or publish the advertisements that constituted the nakedapartments.com infringement.

29.     Defendants Best and Scott are a licensed real estate broker and a licensed real estate salesperson. As licensees, Best and Scott previously stated under penalty of perjury that they understood the provisions of 19 NYCRR § 175(b)(2)(a) and (b) and knew they did not have any right to place or publish the advertisements that constituted the nakedapartments.com infringement. Therefore, Best and Scott had actual knowledge that they did not have the right to place or publish the nakedapartments.com infringement, but did so anyway, in reckless disregard for the copyrights of the Plaintiff.

30.     Upon information and belief, the apartment being advertised had been rented approximately six weeks before the discovery of the nakedapartments.com infringement.

31.     The Defendant committed three separate willful infringements of the Totin Copyrighted Works.

III.    **Defendants Best and Feingold's malicious and vexing response to Plaintiff's attempts to resolve this dispute.**

32.     Upon information and belief, Feingold personally trained and instructed sales associates affiliated with Best, including Scott, in aspects of acting as a residential rental agent in New York City.

33.     Upon information and belief, Feingold personally trained and instructed sales associates affiliated with Best, including Scott, to commit copyright infringement when publishing advertising of apartments for rent in New York City.

34.     In an attempt to resolve this matter, Plaintiff sent notice to Best and Feingold of the infringement on or about April 25, 2018. Defendants responded by making the listing inactive. Defendants did not otherwise respond to Plaintiff's letter.

35.     Plaintiff followed up by letter to Best and Feingold on or about June 8, 2018. Defendants ignored this notice.

36.     Plaintiff, through an attorney, contacted Best and Feingold in October 2018. Defendants ignored this notice.

37.     On March 25, 2019, Plaintiff emailed Best and Feingold a draft copy of this complaint to permit Defendants one last opportunity to negotiate with Plaintiff in good faith to resolve this matter without the intervention of the Court.

38.     Feingold telephoned Plaintiff approximately 30 minutes after receiving Plaintiff's email. Feingold had no intent of resolving this matter, but instead wanted to show off his bravado for the Plaintiff, making statements such as, "You have no idea who the fuck I am" and "Don't worry, you'll find out." Feingold stated that there are "facts" that the Plaintiff did not know, but he declined to share those "facts". He referred to this matter as a "shakedown" and referred to the Plaintiff as a "fucking moron." He asked the Plaintiff if English was his first language. Additionally, Feingold stated that "He (Scott) took some pictures," an admission of infringement. Feingold stated that if this Court was to issue a judgment against Defendant, Plaintiff had a, "less than zero," chance of collecting on the judgement.

### FIRST CAUSE OF ACTION
**Direct Copyright Infringement**
**(Against Defendants Best and Scott)**

39.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 38 as though fully set forth herein.

40.     The Totin Copyrighted Works constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101, et seq. Plaintiff has recorded the copyrights in and to the Totin Copyrighted Works with the United States Copyright Office and have complied with all applicable statutory registration and renewal requirements.

41.     On information and belief, Scott placed or published the nakedapartments.com infringement of the Totin Copyrighted Works with the prior consent of Best.

42.     Plaintiff owns the United States copyrights in the Totin Copyrighted Works, and the exclusive right to reproduce the work, distribute copies of the work to the public and display the

work publicly. Plaintiff is entitled to all of the protections and remedies for the Totin Copyrighted Works accorded to a copyright owner.

43.     On information and belief, in direct violation of Plaintiff's exclusive rights, Defendants Best and Scott has directly infringed, and unless enjoined by this Court, will continue to infringe, on the copyrights in the Totin Copyrighted Works by, among other things, publishing the Totin Copyrighted Works to various websites without the consent of the Plaintiff.

### SECOND CAUSE OF ACTION
**Vicarious Copyright Infringement**
**(Against Defendants Best and Feingold)**

44.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43 as though fully set forth herein.

45.     Under the doctrine of *respondeat superior*, Title 19 NYCRR, and New York State case law, it well established that a Licensed Real Estate Broker and the Principal Broker of the Real Estate Broker are vicariously liable for sales associate misconduct.

46.     On information and belief, Defendants Best and Feingold, have the right, ability and responsibility to supervise Defendants' sales associate Scott, and on information and belief, did supervise Scott in his unlawful preparation, duplication, and distribution of the Totin Copyrighted Works.

47.     On information and belief, Defendants Best and Feingold enjoy a direct financial benefit from the preparation, duplication, and distribution of the infringements of the Totin Copyrighted Works.

48.     In direct violation of Plaintiff's exclusive rights, and as a consequence of the foregoing, Defendants Best and Feingold has vicariously infringed the copyrights in the Totin Copyrighted Works.

## THIRD CAUSE OF ACTION
### Contributory Copyright Infringement
### (against Defendant Feingold)

49.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 as though fully set forth herein.

50.     On information and belief, Feingold knew or had reason to know that the publications of the Totin Copyrighted Works referenced in paragraphs 19 and 20 above are unauthorized reproductions of the Totin Copyrighted Works.

51.     On information and belief, Feingold induced, caused, and materially contributed to the unauthorized preparation, duplication, distribution, and public display of the Totin Copyrighted Works, by personally training and instructing sales associates affiliated with Best to commit copyright infringement when publishing advertising of apartments for rent in New York City, and Feingold continues to do so.

52.     In violation of Plaintiff's exclusive rights, Feingold has contributed to the infringement and, unless enjoined by this Court, will continue to contribute to the infringement of the copyrights in the Totin Copyrighted Works.

53.     It is clear from his malicious and vexing response to Plaintiff's attempts to resolve this dispute that Feingold's actions were done with willful, reckless and malicious intent directed towards all photographers that create photographs of apartments in New York City.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

1.     That the Court find that:

    a.  Defendants Best and Scott has infringed the copyrights in the Totin Copyrighted Works; and

    b.  Defendants Scott and Feingold has vicariously infringed the copyrights in the Totin Copyrighted Works through the actions of Scott.

    c.  Feingold has, with willful, reckless and malicious intent, contributed to the infringement of the copyrights in the Totin Copyrighted Works.

2.     That the Court enter a declaration that Defendants' publication of the Totin Copyrighted Works constitutes infringement of the Totin Copyrighted Works.

3.     That the Court find that as a direct and proximate result of Defendants' foregoing acts, Plaintiff is entitled to the following damages:

    a.  At Plaintiffs' election, statutory damages of up to $150,000 for each separate Totin Copyrighted Work infringed for willful infringement pursuant to 17 U.S.C. § 504(c), or Plaintiffs' actual damages sustained as a

result of Defendant's acts of copyright infringement according to proof and Defendant's profits obtained as a result of their acts of copyright infringement according to proof; and

    b.  Plaintiff's reasonable attorneys' fees and costs pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq., and 17 U.S.C. § 505.

4.    That the Court find that the threat of irreparable harm to Plaintiff as a result of Defendants' conduct leaves Plaintiff without adequate remedy at law, and therefore that Plaintiff is entitled to an injunction restraining Defendant, their agents, servants, employees, attorneys, successors, assigns, subsidiaries, and all persons, firms, and corporations acting in concert with them, from directly or indirectly infringing the copyrights in the Totin Copyrighted Works, including but not limited to continuing to distribute, market, advertise, promote, produce, sell, or offer for sale the Totin Copyright Works or any works derived or copied from the Totin Copyrighted Works, and from participating or assisting in any such activity whether or not it occurs in the United States.

5.    That the Court enjoin Defendants, their agents, servants, employees, attorneys, successors, assigns, subsidiaries, and all persons, firms, and corporations acting in concert with them, from directly or indirectly infringing the copyrights in the Totin Copyrighted Works, including but not limited to continuing to distribute, copy, publicly perform, market, advertise, promote, produce, sell, or offer for sale the Totin Copyrighted Works or any works derived or copied from the Totin Copyrighted Works, and from participating or assisting in any such activity whether or not it occurs in the United States.

6.    That the Court grant such other, further relief as it deems just and proper.

Dated: January 4, 2021                      Respectfully submitted,
New York, New York
                                            BRIAN TOTIN, PRO SE


                                            */s/ Brian Totin*_____
                                            Brian Totin
                                            PO Box 230581
                                            New York, NY 10023
                                            (917)-881-1830
                                            brian@briantotin.com


## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as provided by Rule 38 of the Federal Rules of Civil Procedure.


Dated: January 4, 2021                      Respectfully submitted,
New York, New York
                                            BRIAN TOTIN, PRO SE


                                            */s/ Brian Totin*_____
                                            Brian Totin
                                            PO Box 230581
                                            New York, NY 10023
                                            (917)-881-1830
                                            brian@briantotin.com

EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Kaymu Tayle Clayett*

Acting United States Register of Copyrights and Director

**Registration Number**

# VA 2-096-795

**Effective Date of Registration:**
March 06, 2018

---

## Copyright Registration for a Group of Published Photographs
Registration issued pursuant to 37 C.F.R. § 202.4(i)

**For Photographs Published:**   January 14, 2016 to December 29, 2016

## Title _____

|  |  |
|---|---|
| **Title of Group:** | Published works of Brian Totin, 2016, Vol 1 |
| **Number of Photographs in Group:** | 497 |

- **Individual Photographs:**   11w74a2br.jpg, 11w74a2br2 rev1.jpg, 11w74a2k1.jpg, 11w74a2k2.jpg, 11w74a2lav.jpg, 11w74a2lav2.jpg, 11w74a2lr.jpg, 11w74a2mbr.jpg, 11w74a2wic.jpg, 11w74a4br1.jpg, 11w74a4br2.jpg, 11w74a4k.jpg, 11w74a4lav1.jpg, 11w74a4lav2.jpg, 11w74a4lr1.jpg, 11w74a4lr2.jpg, 11w74a4wic.jpg, 11w74front.jpg, 11w74hall.jpg, 45w67a18fbr.jpg, 45w67a18fk.jpg, 45w67a18flav.jpg, 45w67a18flr.jpg, 47w84a3sbr.jpg, 47w84a3slav.jpg, 47w84a3slr rev.jpg, 47w84a3slr.jpg, 64w82a5fbr1.jpg, 64w82a5fbr2.jpg, 64w82a5flr wide.jpg, 64w82a5flr1.jpg, 64w82a5flr2.jpg, 72wadswortha5cbr.jpg, 72wadswortha5ck.jpg, 72wadswortha5clav.jpg, 82wadswortha6dbr.jpg, 82wadswortha6dk.jpg, 82wadswortha6dlav.jpg, 82wadswortha6dlr.jpg, 83washa3rbr.jpg, 83washa3rk.jpg, 83washa3rlav.jpg, 83washa3rlr1.jpg, 83washa3rlr2.jpg, 95lexa2bk.jpg, 95lexa2blav.jpg, 95lexa2blr.jpg, 100w76a5sbr1.jpg, 100w76a5sbr2.jpg, 100w76a5sdr.jpg, 100w76a5sk1.jpg, 100w76a5sk2.jpg, 100w76a5slav1.jpg, 100w76a5slav2.jpg, 100w76a5slr.jpg, 100w76a5smbr.jpg, 100w76a6sbr.jpg, 100w76a6sbr1.jpg, 100w76a6sclos.jpg, 100w76a6sdr.jpg, 100w76a6sk.jpg, 100w76a6slav.jpg, 100w76a6slav2.jpg, 100w76a6slr.jpg, 101w70a2sbr1.jpg, 101w70a2sbr2.jpg, 101w70a2sdr.jpg, 101w70a2sdr_rev.jpg, 101w70a2sdr2.jpg, 101w70a2sk.jpg, 101w70a2slav.jpg, 101w70a2slr.jpg, 102bradhursta313br1.jpg, 102bradhursta313br2.jpg, 102bradhursta313k1.jpg, 102bradhursta313k2.jpg, 102bradhursta313lav.jpg, 102bradhursta313lr.jpg, 104w80a6k.jpg, 104w80a6lav.jpg, 104w80a6loft.jpg, 104w80a6lr.jpg, 104w80a9lk.jpg, 104w80a9lloft.jpg, 104w80a9lmr.jpg, 104w80a9mr1.jpg, 104w80a9mr2.jpg, 104w80alav 5 fl.jpg, 104w80a12loft.jpg, 104w80a12mr.jpg, 104w80a12mr2.jpg, 106w80a1r1br1.jpg, 106w80a1r1br2.jpg, 106w80a1r1br3.jpg, 106w80a1r1k.jpg, 106w80a1r1lav1.jpg, 106w80a1r1lav2.jpg, 106w80a1r1lr.jpg, 127w72a3abr.jpg, 127w72a3ak.jpg, 127w72a3alav.jpg, 127w72a3alr.jpg, 130w73ap5k.jpg, 130w73ap5lav.jpg, 130w73ap5lr.jpg, 137w83a3wbr1.jpg, 137w83a3wbr2.jpg, 137w83a3wk.jpg, 137w83a3wlav.jpg, 137w83a3wlr .jpg,

**Published:**   January 2016

- **Individual Photographs:**   202w96ap2clr2.jpg, 204w96a1cbr.jpg, 204w96a1ck.jpg, 204w96a1clav.jpg, 204w96a1clr.jpg, 204w96a4dbr.jpg, 204w96a4dk.jpg, 204w96a4dlav.jpg, 204w96a4dlr.jpg, 206w96a1dbr1.jpg, 206w96a1dbr2.jpg, 206w96a1dk.jpg,

206w96a1dlav.jpg, 206w96a1dlr.jpg, 206w96a4bbr1.jpg, 206w96a4bbr2.jpg, 206w96a4bk.jpg, 206w96a4blav.jpg, 206w96a4blr.jpg, 209w104a4fk.jpg, 209w104a4flav.jpg, 209w104a4fmr1.jpg, 209w104a4fmr2.jpg, 230w108a5dbr1.jpg, 230w108a5dbr2.jpg, 230w108a5dk.jpg, 230w108a5dlav.jpg, 230w108a5dlr rev.jpg, 230w108a5dlr.jpg, 230w123a4abr.jpg, 230w123a4ak.jpg, 230w123a4alav.jpg, 230w123a4alr.jpg, 230w123a4cbr.jpg, 230w123a4cbr2.jpg, 230w123a4ck.jpg, 230w123a4clav.jpg, 230w123a4clr.jpg, 239w72a5fbr1.jpg, 239w72a5fbr2.jpg, 239w72a5fbr3.jpg, 239w72a5fk.jpg, 239w72a5flav.jpg, 239w72a5flr.jpg, 250w104a22br.jpg, 250w104a22br2.jpg, 250w104a22dr.jpg, 250w104a22k.jpg, 250w104a22lav.jpg, 250w104a22lr.jpg, 250w104a22maid.jpg, 250w104a33br.jpg, 250w104a33br2.jpg, 250w104a33dr.jpg, 250w104a33k.jpg, 250w104a33lav.jpg, 250w104a33lr.jpg, 250w104a81br.jpg, 250w104a81br2.jpg, 250w104a81dr.jpg, 250w104a81k.jpg, 250w104a81lav.jpg, 250w104a81lr.jpg, 250w104a81maid.jpg, 250w104alobby.jpg, 250w104laundry.jpg, 304w30a7br1.jpg, 304w30a7br1r.jpg, 304w30a7br2.jpg, 304w30a7k.jpg, 304w30a7lav.jpg, 304w30a7lr.jpg, 304w30a7lr2.jpg, 304w30a7obr1tmp.jpg, 304w30a7obr2.jpg, 304w30a7obr2rev.jpg, 304w30a7ok.jpg, 304w30a7olav.jpg, 304w30a7olr.jpg, 304w102a2bk.jpg, 304w102a2blav.jpg, 304w102a2bmr.jpg, 304w102a4abr.jpg, 304w102a4ak.jpg, 304w102a4alav.jpg, 304w102a4alr.jpg, 304w102bldg.jpg, 308w121a14br1.jpg, 308w121a14br2.jpg, 308w121a14k.jpg, 308w121a14lav.jpg, 308w121a14lr.jpg, 308w121a15br1.jpg, 308w121a15br2.jpg, 308w121a15k.jpg, 308w121a15lav.jpg, 308w121a15lr.jpg, 310w89a3fbr.jpg, 310w89a3fk.jpg, 310w89a3flav.jpg, 310w89a3flr.jpg, 310w89a3rbr.jpg, 310w89a3rk.jpg, 310w89a3rlr.jpg, 310w89a3rter.jpg, 310w89a3rter_h.jpg, 310w89a5fbr.jpg, 310w89a5fk.jpg, 310w89a5flav.jpg, 310w89a5flr1.jpg, 310w89a5flr2.jpg,

**Published:** January 2016

- **Individual Photographs:** 137w83a3wlr rev.jpg, 139w83a2sbr1.jpg, 148w70a10k.jpg, 148w70a10loft.jpg, 148w70a10mr.jpg, 148w70a12mr1 hdf.jpg, 148w70a12mrd hdr.jpg, 158w81a32br1.jpg, 158w81a32br2.jpg, 158w81a32br2a.jpg, 158w81a32k.jpg, 158w81a32lav.jpg, 158w81a32lr rev.jpg, 158w81a32lr.jpg, 158w81a52br1.jpg, 158w81a52br2.jpg, 158w81a52k.jpg, 158w81a52lav.jpg, 158w81a52lobby.jpg, 158w81a52lr.jpg, 159w76a1bbr.jpg, 159w76a1bdr.jpg, 159w76a1bgarden.jpg, 159w76a1bk.jpg, 159w76a1blav.jpg, 159w76a1blower.jpg, 159w76a1blr.jpg, 159w76a1blr2.jpg, 159w76a2bbr.jpg, 159w76a2bk.jpg, 159w76a2blav.jpg, 159w76a2blr.jpg, 159w76a2blr1.jpg, 159w76a2blr2.jpg, 159w76a3bbr.jpg, 159w76a3bk.jpg, 159w76a3blav.jpg, 159w76a3blr.jpg, 159w76a3blr1.jpg, 159w76a3blr2.jpg, 159w76a5bbr1.jpg, 159w76a5bbr2.jpg, 159w76a5bk.jpg, 159w76a5blr.jpg, 159w76a5bter.jpg, 160clare2ebr1.jpg, 160clare2ebr2.jpg, 160clare2ek.jpg, 160clare2elav.jpg, 160clare2elr.jpg, 160clare2elr2.jpg, 160clare3cbr1.jpg, 160clare3cbr2.jpg, 160clare3ck.jpg, 160clare3clav.jpg, 160clare3clr1.jpg, 160clare3clr2.jpg, 160clare3gbr1 rev.jpg, 160clare3gbr1.jpg, 160clare3gbr2 rev.jpg, 160clare3gbr2.jpg, 160clare3gk.jpg, 160clare3glav.jpg, 160clare3glr rev.jpg, 160clare3glr.jpg, 160clare3gview.jpg, 160clare4ebr1.jpg, 160clare4ebr2.jpg, 160clare4ek.jpg, 160clare4elav.jpg, 160clare4elr.jpg, 160clare4ibr.jpg, 160clare4ibr2.jpg, 160clare4ik.jpg, 160clare4ilav.jpg, 160clare4ilr.jpg, 160clare5ibr.jpg, 160clare5ibr2.jpg, 160clare5ik.jpg, 160clare5ilav.jpg, 160clare5ilr.jpg, 160clarelobby.jpg, 164waverlybr.jpg, 164waverlyk.jpg, 164waverlylr.jpg, 202w96a2aobr.jpg, 202w96a2aocl.jpg, 202w96a2aok.jpg, 202w96a2aolav.jpg, 202w96a2aolr.jpg, 202w96a2bbr.jpg, 202w96a2bk.jpg, 202w96a2blav.jpg, 202w96a2blr.jpg, 202w96a2cbr.jpg, 202w96a2ck.jpg, 202w96a2clav.jpg, 202w96a2clr.jpg, 202w96a3bbr.jpg, 202w96a3bk.jpg, 202w96a3blav.jpg, 202w96a3blr.jpg, 202w96a3dbr.jpg,



202w96a3dk.jpg, 202w96a3dlav.jpg, 202w96a3dlr.jpg, 202w96ap2cbr.jpg, 202w96ap2ck.jpg, 202w96ap2clav.jpg, 202w96ap2clr.jpg,

**Published:**   February 2016

- **Individual Photographs:**   311w84a3ffk.jpg, 311w84a3ffmr1.jpg, 311w84a3ffmr2.jpg, 311w84a3fk.jpg, 311w84a3flav.jpg, 311w84a3fmr1.jpg, 311w84a3fmr2.jpg, 311w84a3fmr3.jpg, 423amsta5bbr.jpg, 423amsta5bk.jpg, 423amsta5blav.jpg, 423amsta5blav2.jpg, 423amsta5blr rev.jpg, 423amsta5blr.jpg, 423amsta5bter.jpg, 507w169a31br1.jpg, 507w169a31br2.jpg, 507w169a31k.jpg, 507w169a31lav.jpg, 507w169a31lr.jpg, 511w169a1br1.jpg, 511w169a1br2.jpg, 511w169a1lav.jpg, 511w169a1lr.jpg, 511w169a4br1.jpg, 511w169a4br2.jpg, 511w169a4k.jpg, 511w169a4lav.jpg, 511w169a4lr.jpg, 511w169a31br1.jpg, 511w169a31br2.jpg, 511w169a31k.jpg, 511w169a31lav.jpg, 511w169a31lr.jpg, 511w169a31obr1.jpg, 511w169a31ok.jpg, 511w169a31olav.jpg, 511w169a31olr.jpg, 511w169a64br1.jpg, 511w169a64br2.jpg, 511w169a64k.jpg, 511w169a64lav.jpg, 511w169a64lr.jpg, 520w174a1cbr1.jpg, 520w174a1ck2.jpg, 520w174a1clav3.jpg, 520w174a1clr4.jpg, 520w174a1dbr.jpg, 520w174a1dlav.jpg, 520w174a1dlr.jpg, 520w174a3bbr1.jpg, 520w174a3blav2.jpg, 520w174a3blr3.jpg, 520w174a3dbr.jpg, 520w174a3dlav.jpg, 520w174a3dlr.jpg, 520w174a3dlr2.jpg, 587w177a4br.jpg, 587w177a4k.jpg, 587w177a4lav.jpg, 587w177a53br1.jpg, 587w177a53br2.jpg, 587w177a53k.jpg, 587w177a53lav.jpg, 587w177a53lr.jpg, 785weaa1dbr.jpg, 785weaa1dfoy.jpg, 785weaa1dk.jpg, 785weaa1dlav.jpg, 785weaa1dlr.jpg, 785weaa5abr.jpg, 785weaa5abr2.jpg, 785weaa5afBR1.jpg, 785weaa5afBR2.jpg, 785weaa5afK.jpg, 785weaa5afLAV.jpg, 785weaa5afLR.jpg, 785weaa7cbr.jpg, 785weaa7cbr2.jpg, 785weaa7ck.jpg, 785weaa7clav.jpg, 785weaa7clr rev1.jpg, 785weaa7clr.jpg, 785weaa9abr1.jpg, 785weaa9abr2.jpg, 785weaa9ak.jpg, 785weaa9alav.jpg, 785weaa9alr.jpg, 785weaa14bbr1.jpg, 785weaa14bbr2.jpg, 785weaa14bdr1.jpg, 785weaa14bk.jpg, 785weaa14blav.jpg, 785weaa14blr.jpg, 785weaa14bmaid.jpg, 785weaa14dbr.jpg, 785weaa14dk.jpg, 785weaa14dlav.jpg, 785weaa14dlr.jpg, 860rsd4ebr.jpg, 860rsd4ek.jpg, 860rsd4elav.jpg, 860rsd4elr.jpg, 860rsd4ggbr1.jpg, 860rsd4ggbr2.jpg, 860rsd4ggbr3.jpg, 860rsd4ggk.jpg, 860rsd4gglav.jpg, 860rsd4gglr1.jpg, 860rsd4gglr2.jpg,

**Published:**   April 2016

- **Individual Photographs:**   860rsd4ghall.JPG, 860rsd4gk.JPG, 860rsd4glav.JPG, 860rsd4gmr.JPG, 860rsda5bbr1.jpg, 860rsda5bbr2.jpg, 860rsda5bk.jpg, 860rsda5bknew.jpg, 860rsda5blav.jpg, 860rsda5blr.jpg, 860rsda5blrnew.jpg, 860rsda5brbr1.jpg, 860rsda5brbr2.jpg, 860rsda5brk.jpg, 860rsda5brlr1.jpg, 860rsda5brrbr1.jpg, 860rsda5brrbr2.jpg, 860rsda5brrk.jpg, 860rsda5brrlr.jpg, 860rsdbldg.jpg, ca21061 cove.jpg, ca21061 lake trees 1.jpg, ca21061 lake1.jpg, ca21061 lake2.jpg, ca21061 pinecone.jpg, ca21061 tree.jpg, ca21061 wavy.jpg, ca21062 mountainsroof.jpg, ca21062 rocks 1.jpg, ca21062 rocks mountain.jpg, ca21062desert.jpg, ca21063 castle 1.jpg, ca21063 castle 2.jpg, ca21063 castle 3.jpg, ca21063 castle 4.jpg, ca21063 castle a.jpg, ca21063 castle b.jpg, ca21063 castle c.jpg, ca21063 castle d.jpg, ca21063 castle e.jpg, ca21063 castle outside.jpg, ca21063 vinyard1.jpg, ca21063 vinyard2.jpg, ca21063 vinyard4.jpg, ca21064 ocean.jpg, ca21064 rocky.JPG, ca21064bird1.JPG, ca21065 1 monterey.jpg, ca21065 cliff.jpg, ca21065 santa pan1.jpg, ca21065 santa1.jpg, ca21065ggb.jpg, ca21065sfo beach1.jpg, ca21066 flower.jpg, ca21066 pan.jpg, ca21066 panorama2.jpg,

**Published:**   May 2016

## Completion/Publication

|  |  |
|---|---|
| **Year of Completion:** | 2016 |
| **Earliest Publication Date in Group:** | January 14, 2016 |
| **Latest Publication Date in Group:** | December 29, 2016 |
| **Nation of First Publication:** | United States |

## Author

|  |  |
|---|---|
| **Author:** | Brian Totin |
| **Author Created:** | photographs |
| **Work made for hire:** | No |
| **Citizen of:** | United States |
| **Year Born:** | 1976 |

## Copyright Claimant

|  |  |
|---|---|
| **Copyright Claimant:** | Brian Totin |
|  | PO Box 230581, New York, NY, 10023 |



## Rights and Permissions

|  |  |
|---|---|
| **Name:** | Brian Totin |
| **Email:** | brian@briantotin.com |
| **Telephone:** | (917)881-1830 |
| **Address:** | PO Box 230581 |
|  | New York, NY 10023 United States |

## Certification

|  |  |
|---|---|
| **Name:** | Brian Totin |
| **Date**: | March 06, 2018 |

|  |  |
|---|---|
| **Copyright Office notes:** | Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group. |
|  | Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) are owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as .XLS or .PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application. |

# EXHIBIT B



"520w174a3dlr2.jpg"



"520w174a3dbr.jpg"



"520w174a3dlav.jpg"

EXHIBIT C





